IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BEAZLEY UNDERWRITING, LTD.,<br>Plaintiff | Civil No. |
| VS. | Judge |
| DEQUINCY REAL ESTATE HOLDINGS, LLC<br>Defendant | Magistrate Judge |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff BEAZLEY UNDERWRITING, LTD. ("Beazley") files this Complaint for Declaratory Judgment against Defendant DEQUINCY REAL ESTATE HOLDINGS, LLC ("DeQuincy"), showing the Court as follows:

### I. NATURE OF THE ACTION

1. This insurance coverage declaratory judgment action arises out of DeQuincy's insurance claim for property damage to certain buildings at and around the DeQuincy Memorial Hospital located in DeQuincy, Louisiana (the "Property") sustained during Hurricane Laura on or about August 27, 2020.

2. Specifically, this action arises out of a dispute regarding coverage for a medical records building at the Property located at 500 South Grand Street, DeQuincy, Louisiana 70633 (the "Building").

3. The dispute relates to coverage under property insurance Policy No. W25BB6200201, issued to DeQuincy and subscribed to by Beazley for the period of January 1, 2020 to January 1, 2021 (the "Policy"), which provided coverage for certain buildings at the

Property subject to the Policy's terms, conditions, limitations, and exclusions. A copy of the Policy is attached hereto as Exhibit **A**.

4. Beazley paid over $1 million for damages to other properties owned by the DeQuincy, but the Building was not insured under the Policy.

5. Beazley seeks a judicial determination pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 concerning whether the Policy provides any coverage for the Building.

## II.   THE PARTIES

6. Beazley is a United Kingdom corporation and is a citizen and resident of the United Kingdom. Beazley was incorporated and formed under the laws of England and Wales, with its principal place of business at 22 Bishops Gate, London, United Kingdom EC2N 4BQ.

7. DeQuincy is a Louisiana company. Upon information and belief, DeQuincy's principal place of business is in Shreveport, Louisiana. DeQuincy can be served through its registered agent, Peter Savoy, at 504 Texas Street, Suite 200, Shreveport, Louisiana 71101. For purposes of citizenship, DeQuincy is a citizen of Louisiana.

## III.   JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because complete diversity exists between the parties, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and Beazley seeks declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, the Federal Declaratory Judgment statute.

9. Beazley subscribed to Policy No. W25BB6200201 and has more than $75,000 at issue in this litigation and is a proper party.

10. An actual case and controversy of a justiciable nature exists among the parties regarding the duties, rights, and obligations, if any, under the Policy.

11. Venue is proper in this district because the Building is located in this district, and DeQuincy resides in this district.

### IV. FACTUAL BACKGROUND

12. DeQuincy is the named insured under the Policy.

13. Before Hurricane Laura, on January 2, 2020, when Beazley provided a copy of the Policy binder and invoice to the DeQuincy's agent for the Policy, the cover email explicitly stated, "This binder is issued and coverage is bound based on the attached schedule of locations and values[1] which has been accepted by the Underwriter. *Coverage does not apply to locations or for coverages unless a specific value is shown in this schedule, which has been provided by the Named Insured.*" (emphasis added). A copy of this email is attached hereto as Exhibit **B**.

14. Likewise, the Policy issued to DeQuincy provided coverage for certain locations "As per Schedule on File with the Underwriter" up to a per occurrence limit of liability of $7,956,940. (Exhibit A, p. 12). A copy of the SOV is attached hereto as Exhibit **C**.

15. The Policy's declarations page states, "Insurance at the Described Premises applies only for Coverages for which a Limit of Insurance is shown." (Ex. A, p. 12).

16. The Described Premises are the premises listed in the SOV.

17. The Building is listed on the SOV, with a total listed value of "0."

18. Thus, per the Policy's declarations, there is no coverage under the Policy for the Building.

---

[1] The Schedule of Values ("SOV") attached to the email inadvertently stated "Expired" in the file name of the SOV. However, it was not expired and was the only SOV on file with Beazley in connection with the Policy.

19. One other location on the SOV has a total listed value of "0." However, the seven other locations on the SOV have various listed values totaling $7,956,940.00, which is also the per occurrence limit of liability identified in the Policy.

20. Thus, the Policy provides coverage only for those seven locations with listed values on the SOV.

21. To date, Beazley has issued payments totaling $1,064,441.00 in connection with damage to some or all of those seven buildings.

22. However, no coverage is available under the Policy for the Building, since the SOV does not list a value for the Building.

23. Thus, Beazley has no obligation under the Policy to issue any payments to DeQuincy for the Building.

## V.     THE INSURANCE POLICY

24. In addition to the language in the Policy Declarations quoted above, the Policy's applicable coverage form, the Building and Personal Property Coverage Form, provides, in relevant part:

> **A.     Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> > **1.     Covered Property**
> >
> > Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1., and limited in A.2., Property Not Covered, *if a Limit of Insurance is shown in the Declarations* for that type of property.
> >
> > > **a.     Building**, meaning the building or structure described in the Declarations . . . .

(Ex. A, p. 15 (emphasis added)).

25. Based on this language, read in conjunction with the Declarations, which provides coverage is as per the SOV, there can be no coverage for the Building, for which the SOV shows no value.

26. Likewise, the Policy contains a Limit of Liability Clause endorsement, which provides, in relevant part:

> The premium for this policy is based upon the Statement of Values on file with the company, or attached to this policy. In the event of loss hereunder, and subject to any Co-Insurance provisions if stated within this Policy, liability of the company shall be limited to *the least of* the following:
>
> A. The actual adjustment amount of loss, less applicable deductible(s)
>
> B. *The total stated value for the property involved, as shown on the latest Statement of Values on file with the company*, less applicable deductible(s).
>
> C. The Limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

(Ex. A, p. 51 (emphasis added)).

27. If there is no value shown on the SOV for a given property, then $0 would be "the least of" the three options A, B, and C above.

28. Thus, per the plain language of the above endorsement, Beazley's limit of liability for the Building is $0.

29. In other words, the Policy provides no coverage for the Building.

30. No other provisions of the Policy operate to provide coverage for the Building.

31. As such, Beazley has no obligation under the Policy to make payments for loss or damage to the Building.

### VI.   CLAIM FOR DECLARATORY RELIEF

32. Beazley incorporates by reference the preceding paragraphs.

33. Pursuant to 28 U.S.C. § 2201, Beazley seeks a declaration that:

    a.    the Policy provides no coverage for the Building; and

    b.    Beazley owes no payments to DeQuincy under the Policy for loss or damage to the Building.

34. Beazley reserves the right to assert additional Policy provisions as the case develops, as there may be other provisions that apply of which Beazley has no present knowledge. Therefore, Beazley requests that the Court make such other and further declarations as may be appropriate

## VII. PRAYER

Accordingly, Beazley prays that DeQuincy be summoned to appear and answer herein; and that upon trial hereof, the Court declare whether Beazley must pay DeQuincy for damage to the Building sustained during Hurricane Laura; and that Beazley be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted this 29th day of June, 2021.

        PLAUCHÉ, SMITH & NIESET, L.L.C.

        By: *s/ Christopher P. Ieyoub*
            Christopher P. Ieyoub – Bar #16978
            Christopher J. Rinn – Bar #38387
            1123 Pithon Street
            P.O. Drawer 1705
            Lake Charles, Louisiana 70602
            (337) 436-0522 Telephone
            (337) 436-9637 Facsimile

        *Attorneys for Plaintiff*