UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BEAZLEY UNDERWRITING LTD**            **CASE NO. 2:21-CV-01884**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**DEQUINCY REAL ESTATE HOLDINGS L L C**  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 13] filed by Beazley Underwriting, Ltd. ("Beazley") in support of its Complaint for Declaratory Judgment. Defendant DeQuincy Real Estate Holdings LLC ("DeQuincy") has provided a certificate of no opposition to the motion. Doc. 13, att. 5.

## I.
### BACKGROUND

This suit arises from an insurance claim relating to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. DeQuincy owns DeQuincy Memorial Hospital in DeQuincy, Louisiana, and had at all relevant times a property insurance policy in place through Beazley. Several buildings on the property sustained damage in the storm and DeQuincy made a claim with Beazley. Beazley paid over $1 million on the claim but denied coverage for a medical records building located at 500 South Grand Street on the grounds that it is not insured under the policy. It then filed this suit for declaratory judgment, seeking a judicial declaration on coverage for the building. Doc. 1.

The court instructed the parties to file cross-motions for summary judgment on this dispute. Doc. 11. Beazley has done so. Doc. 13. DeQuincy did not file a motion for summary judgment, and has also filed a certificate of no opposition to Beazley's motion. Doc. 13, att. 5.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

Under Louisiana law, an insurance policy providing blanket coverage covers the total value of a loss up to the stated limit, no matter what portion of the insured property is damaged. *Fair Grounds Corp. v. Travelers Indem. Co. of Ill.*, 742 So. 2d 1069, 1071 (La. Ct. App. 1999). Where an insurance policy provides "scheduled coverage," however, "only listed risks are insured, and then only for the listed value." *Id.* at 1074. When a property covered under a scheduled policy sustains a loss, the insurer will "only pay the value stated

3

for that item on the file list, even if the item were actually worth more than its listed value." *Id.* at 1072.

Here the policy unambiguously provides for scheduled coverage, up to a $7,956,940 per-occurrence limit, "[a]s per Schedule on file with the Underwriter." Doc. 1, att. 2, p. 13. The total value of coverage on the buildings listed on the schedule comes to $7,956,940, with individual values ranging from over $6 million for the hospital building to $0 for two office buildings. Doc. 1, att. 4. The building at 500 South Grand Street, which is described in the schedule as a "Home Health Office" but is the only building listed at that address, has a scheduled value of $0. *Id.* Accordingly, Beazley owes no coverage for damages that the building at 500 South Grand Street sustained.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 13] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 10th day of September, 2021.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

4